The Honorable Don Glover Circuit Judge Tenth Judicial District P.O. Box 398 McGehee, AR 71654
Dear Judge Glover:
This is in response to your request for an opinion concerning the collection of fines, restitution, and court costs. Your questions, reordered and somewhat restated, are as follows:
 1. May the sheriff's office or the quorum court enter into a contingency fee contract with a private attorney to collect fines, restitution, and court costs pursuant to judgments entered in criminal cases in circuit court?
 2. In the absence of a contingency fee contract, can the quorum court retain and pay a county civil attorney to assist the judge in the filing of lis pendens and assist the sheriff in the various methods of collection?
 3. Assuming a contingency fee contract were used, would the money collected be deposited into the county treasury as it was collected and the person contracted paid by the county treasurer upon submitting an affidavit for the percentage due?
 4. Assuming a contingency fee contract were used, would a deputy prosecuting attorney for the county have a conflict as a party to such a contract or must the county advertise and take bids on the contract?
The answer to the first question above is "no." A fee system compensation arrangement for county work is prohibited by Amendment 55 of the Arkansas Constitution. See also A.C.A. §21-6-301 (1987); cf. also A.C.A. § 19-11-708 (Repl. 1994) (making contingent fees unethical in most circumstances under ethics chapter of public finance title). In the context of tax collection, this office has concluded that contingency fees are prohibited as compensation to the collectors (see Ops. Att'y Gen. 88-384, 91-308 (copies enclosed)) and, in my opinion, the same prohibition applies to the payment of a private attorney.
The answer to the second question above is, in my opinion, "no." While the quorum court may retain legal counsel as provided in A.C.A. § 14-14-902(b)(2) (1987),[1] it is the express statutory province of the sheriff or the circuit clerk (pursuant to judicial order) to collect fines, restitution and costs, as provided by A.C.A. § 16-92-115 (Cum. Supp. 1993), as your letter noted.[2] Thus, I agree with the similar conclusion reached in Op. Att'y Gen. 88-003 (copy enclosed) concerning municipal courts and the collection of fines.
The duty given to the sheriff or the circuit clerk must be understood in conjunction with an express prohibition on county legislation. Arkansas Code Annotated § 14-14-807(5) provides that the county may not legislate with respect to "[a]ll laws directing or requiring a county government, or any officer or employee of a county government, to carry out any function. . . ."[3] This prohibition on county legislation and the express statutory duty assigned to sheriffs or circuit clerks leave me of the opinion that a quorum court may not retain and pay a county civil attorney to assist in the matter of collections.
Nevertheless, as was suggested in Op. Att'y Gen. 88-384 with respect to tax collection, the quorum court's power to fix the number and compensation of deputies and county employees arguably allows the qourum court to permit the hiring of personnel to aid the sheriff or circuit clerk in carrying out their statutory duty to collect. Such personnel, of course, would be employees under the charge of either the sheriff's office or the circuit clerk's office as either deputies or county employees and not as independent contractors.
Because I am of the opinion that a contingency fee contract for collections by anyone is prohibited and that a quorum court may not retain a civil county attorney in the matter, any answers to the third and fourth questions above are unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
Enclosures
[1] A county is also authorized to hire civil county attorneys by A.C.A. § 16-21-114 (Repl. 1994), in lieu of relying on the prosecuting attorney in civil matters.
[2] While you referred to § 16-19-115(d), I assume you meant Chapter 92, not 19.
[3] Legislation by the county in the area of circuit courts may also be suspect if such courts are considered part of the state judicial system and not local courts. Cf. Op. Att'y Gen. 91-282
at 3 (citing Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252
(1985)).